S01Y0925. IN THE MATTER OF ERIC B. REUSS.
(546 SE2d 495)

PER CURIAM.
This matter is before the Court on the Report of the Review Panel of the State Disciplinary Board recommending that Respondent Eric B. Reuss be suspended from the practice of law for two years for his violations of Standards 4 (a lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit or wilful misrepresentation) and 65 (A) (a lawyer shall not commingle his client's funds with his own, and shall not fail to account for trust property, including money and interest paid on the client's money, if any, held in any fiduciary capacity) of Bar Rule 4-102 (d). Subsequent to the State Bar's issuance of a Formal Complaint against Reuss alleging violations of Standards 4 and 65 (A) of Bar Rule 4-102 (d), and Reuss' filing of an answer, the State Bar moved for summary judgment, which the special master granted in part. After conducting an

evidentiary hearing, the special master filed his report finding that Reuss violated Standards 4 and 65 (A) of Bar Rule 4-102 (d) and recommending a two-year suspension. Both the State Bar and Reuss requested review by the Review Panel, which adopted the special master's findings and recommendation of a two-year suspension. The State Bar timely filed written exceptions to the report, reasserting the issues raised in its exceptions to the special master's report. Reuss also filed exceptions to the report and a request for oral argument, which is hereby denied. See Bar Rule 4-219 (a). Accordingly, this Court now may enter judgment in this case.

Reuss, who lives in Alabama but who has been a member of the State Bar of Georgia since 1976, filed a Chapter 11 bankruptcy petition on behalf of a client in the United States Bankruptcy Court for the Northern District of Georgia in February 1996 and, from that date until the appointment of a trustee in December 1997, represented the client in its capacity as a Chapter 11 debtor. Although the bankruptcy court's approval was required for the client to retain Reuss, Reuss failed to file the appropriate application for employment in the matter, and neither Reuss nor the client ever obtained the bankruptcy court's approval of Reuss' representation.

Furthermore, prior to the filing of the bankruptcy petition, Reuss and the client agreed that Reuss would be compensated for the bankruptcy work by a wholly owned and solvent subsidiary of the client. In February 1996, the subsidiary issued a check for $2,500 to Reuss' law firm as partial compensation for Reuss' work on the bankruptcy case. Although required to disclose the payment in the Debtor's Statement of Financial Affairs filed in March 1996 on behalf of the client, Reuss failed to do so. Similarly, although the subsidiary paid Reuss in excess of $93,000 through Reuss' professional corporations between February 1996 and March 24, 1997, Reuss failed to disclose receipt of the funds to, or obtain approval for such receipt from, the bankruptcy court in the required manner. By his conduct, Reuss failed to adhere to bankruptcy code provisions and rules requiring a debtor's attorney to disclose to the court the amount and source of compensation paid or promised from and after one year prior to the petition date, whether or not the attorney applies the compensation to the bankruptcy case; and requiring an initial disclosure statement of attorney compensation within 15 days of the entry of the court's order of relief which must be supplemented within 15 days after any payment or agreement not previously disclosed. Reuss contends that he did disclose the receipt of fees from the subsidiary in the monthly financial statements filed by the client with the bankruptcy court and, accordingly, this is the only issue on which the special master denied the State Bar's summary judgment request.

The special master concluded that since the subsidiary was sol-

vent, its assets belonged to the client's creditors and, thus, Reuss was not entitled to receive payments from the subsidiary absent an order from the bankruptcy court. As Reuss admitted that the payments from the subsidiary were not segregated from his own funds, the special master found that Reuss violated Standard 65 (A) of Bar Rule 4-102 (d). The special master further found that Reuss' conduct with respect to the source, amount, and purpose of funds received from the subsidiary constituted deceit and wilful misrepresentation in violation of Standard 4 of Bar Rule 4-102 (d).

Consistent with the recommendation of the special master and the Review Panel, we conclude that Reuss, by his conduct in this matter, violated Standards 4 and 65 (A) of Bar Rule 4-102 (d), and that a two-year suspension from the practice of law is the appropriate discipline. In aggravation of discipline, we note Reuss' substantial experience in the practice of law and the multiple offenses involved. In mitigation of discipline, we note Reuss' lack of a prior disciplinary record. Accordingly, Reuss hereby is suspended from the practice of law in Georgia for a period of two years from the date of this opinion. He is reminded of his duties under Bar Rule 4-219 (c).

*Two-year suspension. All the Justices concur.*

DECIDED MAY 7, 2001.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Albert N. Remler,* for Reuss.